# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 6, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ISSAM JUBIL *parent and natural*, | * | UNPUBLISHED |
| *guardian of* R.J., *a minor,* | * | |
| | * | |
| Petitioner, | * | No. 19-1885V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Stipulation; |
| AND HUMAN SERVICES, | * | Influenza; Hepatitis A; |
| | * | Acute disseminated |
| Respondent. | * | encephalomyelitis (ADEM). |
| * * * * * * * * * * * * * | | |

*Bridget C. McCullough,* Muller Brazil, LLP, Dresher, PA, for petitioner.
*Dhairya D. Jani,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On December 12, 2019, Issam Jubil, as parent and natural guardian of R.J., a minor, ("petitioner") filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble (ECF No. 1). The petition alleges that the influenza ("flu") and hepatitis A vaccine R.J. received on February 16, 2018 caused him to suffer from an encephalitis and acute disseminated encephalomyelitis ("ADEM"). Petition at Preamble.

On October 6, 2021, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 38). Respondent denies that the flu vaccine and/or the hepatitis A vaccine is the cause of R.J.'s alleged injuries, or any other injury or his current condition. *Id.* at ¶ 6. Nevertheless, maintaining their respective positions,

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

the parties now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation to the petitioner according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation provides:

1) **A lump sum of $60,00.00 in the form of a check payable to petitioner, as the Guardian/Conservator of the estate of R.J., for the benefit of R.J.**

2) **A lump sum payment of $2,807.68, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, payable jointly to petitioner, and:**

   **Commonwealth of Massachusetts-Casualty Recovery Unit (CRU)**
   **Casualty Recovery**
   **P.O. Box 417811**
   **Boston, MA 02241-7811**

   **Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts CRU.  This lump sum represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts had made to or on behalf of R.J. from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about February 16, 2018, under Title XIX of the Social Security Act.**

   **The lump sum amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * * * *
|                                                       |   |
| ----------------------------------------------------- | - |
| ISSAM JUBIL, *parent and natural guardian of*         | * |
| R.J., *a minor*,                                      | * |
|                                                       | * |
| Petitioner,                                           | * |
|                                                       | * |
| v.                                                    | * |
|                                                       | * |
| SECRETARY OF HEALTH                                   | * |
| AND HUMAN SERVICES,                                   | * |
|                                                       | * |
| Respondent.                                           | * |

No. 19-1885V (ECF)
SPECIAL MASTER
THOMAS L. GOWEN

* * * * * * * * * * * * * * * * * * * * * * * * * *

## STIPULATION

The parties hereby stipulate to the following matters:

1. Issam Jubil ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), on behalf of his minor son, R.J. The petition seeks compensation for R.J.'s injuries allegedly related to his receipt of the influenza and/or Hepatitis A vaccines, which are vaccines contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. R.J. received the influenza and Hepatitis A immunizations on February 16, 2018.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that the influenza vaccine and/or the Hepatitis A vaccine caused R.J. to suffer from an encephalitis and acute disseminated encephalomyelitis ("ADEM"), and that he experienced residual effects of this alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of R.J. as a result of his condition.

6. Respondent denies that the influenza vaccine and/or the Hepatitis A vaccine caused R.J.'s alleged encephalitis, ADEM, or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $60,000.00 in the form of a check payable to petitioner, as the Guardian/Conservator of the estate of R.J., for the benefit of R.J.

b. A lump sum payment of $2,807.68, representing compensation for satisfaction of the Commonwealth of Massachusetts Medicaid lien, payable jointly to petitioner, and

> Commonwealth of Massachusetts – Casualty Recovery Unit (CRU)
> Casualty Recovery
> P.O. Box 417811
> Boston, MA 02241-7811

Petitioner agrees to endorse this payment to the Commonwealth of Massachusetts CRU. This lump sum represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Commonwealth of Massachusetts had made to or on behalf of R.J. from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about February 16, 2018, under Title XIX of the Social Security Act.

2

The above lump sum amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of R.J. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of R.J.'s estate under the laws of

the Commonwealth of Massachusetts. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing his appointment as guardian/conservator of R.J.'s estate. If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.J. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of R.J. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as a legal representative of R.J., on behalf of himself, R.J., and his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of R.J. resulting from, or alleged to have resulted from, the influenza vaccination and/or the Hepatitis A vaccination administered on February 16, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about December 12, 2019, in the United States Court of Federal Claims as petition No. 19-1885V.

15. If R.J. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine and/or the Hepatitis A vaccine caused R.J. to suffer encephalitis, ADEM, or any other injury or his current condition.

19. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns, as legal representative of R.J.

END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

_/s/ Issam Jubil_
ISSAM JUBIL

**ATTORNEY OF RECORD FOR PETITIONER:**

_/s/ Bridget C. McCullough_
BRIDGET C. MCCULLOUGH
Counsel for Petitioner
Muller Brazil, LLP
715 Twining Road, Suite 208
Dresher, PA 19025

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

_Dale Mishler, DHSc, APRN, for_
TAMARA OVERBY
Acting Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health and
 Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_/s/ Heather L. Pearlman_
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

_Dhairya D Jani_
_by Heather L Pearlman_
DHAIRYA D. JANI
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
202-616-4356
Email: Dhairya.Jani@usdoj.gov

Dated: 10/05/2021