# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: September 7, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ISSAM JUBIL *parent and natural*, | * | UNPUBLISHED |
| *guardian of* R.J., *a minor*, | * | |
| | * | |
| Petitioner, | * | No. 19-1885V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Decision on Attorneys' Fees |
| AND HUMAN SERVICES, | * | and Costs; Influenza; Hepatitis A. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Bridget C. McCullough,* Muller Brazil, LLP, Dresher, PA, for petitioner.
*Dhairya D. Jani,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECSION ON ATTORNEYS' FEES AND COSTS[1]

On March 22, 2022, Issam Jubil, as parent and natural guardian of R.J, a minor ("petitioner"), filed a motion for final attorneys' fees and costs in the total of $23,649.58. Petitioner's Motion for Attorneys' Fees ("Fees App.") (ECF No. 45). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs and awards a total of $23,649.58.

### I.  Procedural History

On December 12, 2019, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of R.J. receiving the influenza ("flu")

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id*. **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id*.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

vaccine and the hepatitis A vaccine on February 16, 2018, he suffered acute disseminated encephalomyelitis ("ADEM"). Petition (ECF No. 1).

On October 6, 2021, the parties filed a stipulation, which I adopted as my Decision awarding damages on the same day. Decision (ECF No. 39).

On March 22, 2022, petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorneys at Muller Brazil in the total amount of $23,649.58, representing $16,914.80 in attorneys' fees and $6,734.78 in attorneys' costs. *Id.* at 2. On April 5, 2022, respondent filed a response to petitioner's motion, stating that, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case," and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Respondent's Response ("Response") at 2-3 (ECF No. 46). Petitioner did not file a reply.

This matter is now ripe for adjudication.

## II.     Legal Standard

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a. Attorneys' Fees

Petitioner requests various rates of compensation for his counsel, Ms. Bridget McCullough and Mr. Maximillian Muller, and four paralegals, who worked on his case from 2018 through 2022.

Specifically, petitioner requests that Ms. McCullough be awarded an hourly rate of $225.00 for work performed in 2019; $250.00 for work performed in 2020; $275.00 for work performed in 2021; and $300.00 for work performed in 2022. Fees App. at 1. Petitioner requests that Mr. Muller be awarded an hourly rate of $317.00 per hour for work performed in 2018. *Id.* Additionally, petitioner requests that the work performed by the paralegals be reimbursed at a rate of $125.00-$150.00 for work performed between 2018 and 2022. *Id.*

These rates are consistent with what have been previously awarded to Ms. McCullough and Mr. Muller for their Vaccine Program work and are reasonable for work performed in the instant case as well. *See Knapp v. Sec'y of Health & Human Servs.,* No. 18-1003V, 2020 WL 1902406 (Fed. Cl. Spec. Mstr. Mar. 13, 2020). No adjustment to the requests rates are necessary.

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, petitioner is entitled to the full amount of attorneys' fees sought.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $6,734.78 in attorneys' costs. Fee App. at 2. This amount includes costs associated with filing the petition, obtaining medical records, shipping expenses, and obtaining local counsel to establish a guardianship prior to the award of damages.

Specifically, petitioner requests a total of $6,161.11 in costs related to establishing a guardianship for R.J. Fees App. at 2. The stipulation requires that a guardianship to be established within 90 days of entering the stipulation. Stipulation at ¶ 13 (ECF No. 38). The billing entries for the guardianship costs in this matter indicate that the guardianship was finalized in March 2022.

Where guardianship is incorporated into the terms of an award based on stipulation, special masters have often awarded costs relating to the establishment of the guardianship estate in the form of attorneys' fees. *See Martin v. Sec'y of Health & Human Servs.,* No. 16-318V, 2019 WL 625442 (Fed. Cl. Spec. Mstr. Jan 22, 2019); *Derenzo v. Sec'y of Health & Human Servs.,* No. 16-35V, 2018 WL 1125231 (Fed. Cl. Spec. Mstr. Jan. 9, 2018); *Cansler v. Sec'y of Health & Human Servs.,* No 09-596V, 2011 WL 597791, at *3 (Fed. Cl. Spec. Mstr. Feb. 2, 2011). In this case, the existence of a proper guardianship was a pre-requisite to payment of the stipulation, and therefore was contemplated before entry of judgment. Such costs incurred in direct connection with a stipulation can be reasonably construed as a "proceeding on a petition." *See Gruber v. Sec'y of Health & Human Servs.,* 91 Fed. Cl. 773 (2010); § 300aa-15(e)(1).

In addition, the costs associated with the guardianship's creation in the present case are reasonable and in line with similar costs incurred in other cases. *See Glaser v. Sec'y of Health & Human Servs.,* No. 06-764V, 2016 WL 4483022 (Fed. Cl. Spec. Mstr. June 29, 2016) (awarding $8,329.05 for guardianship costs); *Finet v. Sec'y of Health & Human Servs.,* No. 03-348V, 2011 WL 597792, at *3 (Fed. Cl. Spec. Mstr. Jan. 31, 2011) (awarding $7,440.00 for guardianship costs). Furthermore, respondent did not identify any entries as objectionable. Thus, I find that the guardianship-related costs are reasonable, and I will award the requested costs in full.

The other attorneys' costs requested by petitioner are also reasonable and are typically

reimbursable by the program. Thus, petitioner will be awarded $6,734.78 in attorneys' costs.

### III. Conclusion

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED.** I find that petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $16,914.80 |
| (Reduction of Fees) | --- |
| **Total Attorneys' Fees Awarded** | **$16,914.80** |
| | |
| Attorneys' Costs Requested | $6,734.78 |
| (Reduction of Fees) | ----- |
| **Total Attorneys' Costs Awarded** | **$6,734.78** |
| | |
| **Total Attorneys' Fees and Costs** | **$23,649.58** |

**Accordingly, I award the following:**

1) **A lump sum payment in the amount of $23,649.58, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Ms. Bridget McCullough.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

                                                  **s/Thomas L. Gowen**
                                                  Thomas L. Gowen
                                                  Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).